ROY, Judge,
dissents and assigns written reasons:
1|While the prevailing jurisprudence appears to suggest that an interval of five weeks between the time of assignment of counsel to a case and the start of trial is normally insufficient to vacate a conviction based on a trial court’s denial of a defense motion for continuance, I do not believe that the particular facts of this case support such a result. In the Defendant’s case, he faced prosecution which could result in four terms of life imprisonment, without parole.
After only three weeks as defense counsel, Defendant’s attorney timely moved for a continuance based on a completed review of the Defendant’s case file, the admissions of prior counsel that he had failed to conclude an adequate investigation of potentially-relevant matters and the need to pursue and subpoena additional witnesses. With only two weeks remaining until trial, the trial court denied the Defendant’s motion for continuance and counsel had no alternative but to proceed as best she could.
Given the complex nature of this case, with multiple alleged victims, a time span listed for the offenses that covered some thirty years, the apparently chaotic nature of the familial relationship involved, the short time for trial preparation and pthe timely application for continuance, as well as the relatively minor inconvenience which would have resulted from a short delay in the start of trial, I would find that the trial court erred in denying the Defendant’s motion for continuance.
Every citizen in this state is entitled, by law, to an adequate defense, regardless of the nature of the charged offenses or understandable desire of the State to bring the case to trial as soon as possible. In matters where a criminal defendant is faced with the prospect of imprisonment for the remainder of his natural life, it is paramount that the trial and appellate courts insure that he receives every protection afforded by the Louisiana Constitution and full access to any and all resources necessary to adequately defend himself.
Clearly, the facts of this case indicate that there was, at a minimum, a rush to judgment in the matter, which transpired over the strenuous objections of defense counsel and for no overriding reason. A reasonable delay in the matter would have been, at worst, a minor inconvenience for the State, but could have made the difference between conviction and acquittal on these most serious charges for the Defendant. Reinforcing the significance of permitting adequate preparation in such cases, I note that the majority of this court, on review, found that the State had introduced insufficient evidence to convict the Defendant of the charged offense, regarding at least one of the alleged victims.
Accordingly, I would vacate the Defendant’s convictions and sentences and remand this matter for a new trial, at which the defense would be assured of adequate time for preparation, funds for expert witnesses and time for review of their evaluations and resources for a thorough investigation and interview of witnesses in the case.
*1283 | ^For these reasons, I respectfully dissent.